UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **\*CRIMINAL NO. 13CR0052** |
| **VERSUS** | **\*JUDGE FOOTE** |
| **BRADLEY SMITH** | **\* MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Currently before court is a Motion to Vacate filed by *pro se* petitioner Bradley Smith ("Smith") pursuant to 28 U.S.C. § 2255. [rec. doc. 156]. By this motion, Smith attempts to assert two claims for relief: (1) that there was insufficient evidence to support his convictions, and (2) that he received ineffective assistance of counsel.

This Court's record reveals that Smith was only recently sentenced on September 24, 2015, that his judgment of conviction was entered on this Court's docket on October 7, 2015 and that a Notice of a direct appeal has been filed on Smith's behalf. [rec. docs. 147, 148 and 150]. The Office of the Federal Public Defender has advised that it will soon appoint counsel to represent Smith on direct appeal. Thus, Smith's convictions and sentences are not yet final.

For the following reasons, the undersigned recommends that the Motion be **DISMISSED WITHOUT PREJUDICE**.

## LAW AND ANALYSIS

In absence of extraordinary circumstances, orderly administration of criminal justice precludes a district court from considering a motion to vacate while review on direct appeal is still pending. *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). *See also United States v. Robinson*, 8 F.3d 398, 405–06 (3rd Cir. 1993) (noting that the general rule is that absent extraordinary circumstances a district court should not consider a § 2255 motion, including a § 2255 motion asserting ineffective assistance of counsel, while a direct appeal is pending). No extraordinary circumstances are present in this case.

Furthermore, this principle should be applied in this case given that the sufficiency of the evidence is an issue which should be addressed on direct appeal, as such issues are generally not properly raised by § 2255 Motion, to avoid the likelihood of overlapping issues on appeal and collateral review. Moreover, given that Smith's conviction is not yet final, the one year statute of limitations for the filing of a § 2255 Motion has not yet begun. *See* 28 U.S.C. § 2255(f)(1). Thus, requiring proper, timely refiling after the conclusion of Smith's direct appeal will not cause Smith to lose any rights to which he may be entitled. Finally, to entertain the instant Motion at this time may preclude petitioner from asserting any

claims which may survive direct appeal in any subsequently filed § 2255 Motion under the second and successive statutory provisions, 28 U.S.C. § § 2244(b) and 2255(h).

For these reasons, the undersigned recommends that Bradley Smith's Motion to Vacate filed pursuant to 28 U.S.C. § 2255 [rec. doc. 156] be **DISMISSED WITHOUT PREJUDICE**. The undersigned further recommends that **the Clerk** be ordered provide a copy of this Report and Recommendation and the District Court's Judgment thereon to the Office of the Federal Public Defender, to notify appellate counsel of the claims Smith may wish to assert on direct appeal.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from**

attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed this 19th day of October, 2015, at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE