UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:13-00052 |
| VERSUS | JUDGE FOOTE |
| BRADLEY SMITH | MAGISTRATE JUDGE HANNA |

### ORDER

Before the Court are the "Request for Court Transcripts" and "Request for Chain of Custody Reports of Evidence" filed by *pro se* movant Bradley Smith. [rec. docs. 197 and 196]. The Clerk filed the request as Motions and referred the documents to the undersigned Magistrate Judge for disposition. By the former Motion, Smith requests transcripts of his arraignment, bail/detention hearing and hearing on his motion to replace counsel free of charge. By the latter Motion, Smith requests that the government be ordered to provide him with a record demonstrating the chain of custody for evidence presented at trial. These documents are requested to assist Smith in connection with the future filing of a Motion to Vacate filed pursuant to 28 U.S.C. §2255 or *Bivens* action.

To the extent the documents have been construed as Motions, the Motions will be denied.

This Court does not provide copies of court documents to litigants free of charge. Additionally, as discussed below, petitioner has not demonstrated

sufficient evidence or good cause as to why he is entitled to copies of transcripts at the Court's expense. Furthermore, even if petitioner is permitted to proceed in *forma pauperis*, such status does not excuse petitioner from payment of litigation costs that a party must bear, including this Court's copy fee; an indigent petitioner is not entitled to copies of any documents he desires without payment of the normal fees and costs.. *United States v. Delgado*, 2012 WL 2952425, *1 (W.D. La. 2012) (and cases cited therein).

Further, an indigent defendant has no constitutional right to acquire a free copy of his transcript or other court records for use in a collateral proceeding. *Delgado*, 2012 WL 2952425, at *2 *citing United States v. MacCollom*, 426 U.S. 317, 325-26, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976)and *United States v. Peralta-Ramirez*, 266 Fed. Appx. 360 (5th Cir. 2008). To obtain a transcript at government expense, the movant must satisfy 28 U.S.C. § 753(f). *Id. citing Harvey v. Andrist*, 754 F.2d 569, 571 (5th Cir. 1985) and *United States v. Davis*, 369 Fed. Appx. 546 (5th Cir. 2010). Section 753(f) "provides for a free transcript for indigent prisoners asserting a claim under § 2255 if a judge certifies that the asserted claim is not frivolous and that the transcript is needed to decide the issue." *Id. citing MacCollom*, 426 U.S. at 320–21 (internal quotation marks omitted) and *Davis, supra*. The movant therefore must "bring to [the court's] attention any facts that might require a close examination of the trial transcript" to demonstrate that the

transcript is necessary for the proper disposition of his claims. *Id. citing Harvey*, 754 F.2d at 571, *Davis, supra*. and *United States v. Watson,* 61 Fed. Appx. 919 (5th Cir. 2003).

In this case, Smith has failed to satisfy his burden of demonstrating that any claim he may have is not frivolous or that the requested court records are needed for the proper disposition of any such claim. To the contrary, Smith does not identify any claim or issue that he intends to raise for which a transcript or other court record is needed. Rather, it appears that Smith merely seeks copies of court transcripts to identify claims which may be available to him. However, such a request is improper. A § 2255 movant is not entitled to conduct a "fishing expedition" to locate possible errors. *Id. citing Watson*, 61 Fed. Appx. at 919, *1 *citing Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982), *United States v. Carvajal*, 989 F.2d 170, 170 (5th Cir. 1993) ("Carvajal cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255."), *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970) ("A federal prisoner is not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error."), and *Richardson v. United States*, 2008 WL 4298389, *4 (W.D. La. 2008).

Petitioner also requests discovery from the government. A petitioner seeking *habeas* relief is not entitled to discovery as a matter of ordinary course. *United States v. Taylor,* 2012 WL 1833904, *1 (W.D. La. 2012) *citing Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Pursuant to Rule 6 which accompanies 28 U.S.C. § 2255, it is within the district court's discretion to grant discovery in a *habeas* case upon a fact specific showing of good cause.[1]  *Id. citing Bracy*, 520 U.S. at 909 *citing* Rule 6(a), 28 U.S.C. foll. § 2255.

A petitioner establishes "good cause" for discovery under Rule 6(a) "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id. citing Bracy*, 520 U.S. at 908-909. Conclusory allegations are not enough to warrant discovery; the petitioner must set forth specific allegations of fact. *Id. citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994). However, Rule 6 does not authorize fishing expeditions. *Id*. Succinctly stated, "*Habeas corpus* is not a general form of relief for those who seek to explore their case in search of its existence." *Id. citing Ward,* 21 F.3d at 1367 *quoting Aubet v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).

---

[1] Rule 6(a) of the Rules Governing §2255 Cases provides in pertinent part:
A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. . . .

In this case, Smith provides no specific factual allegations as to why discovery is necessary for the proper disposition of any claim he intends to present to this Court, nor can the undersigned find any reason for discovery at this juncture. Smith essentially wishes to embark on a "fishing expedition" to "explore [his] case in search of it's existence." As such, discovery may not proceed, and the government need not produce any documents or information which Smith may request.

For these reasons;

**IT IS ORDERED** that the "Request for Court Transcripts" and "Request for Chain of Custody Reports of Evidence" filed by *pro se* movant Bradley Smith. [rec. docs. 197 and 196] are **DENIED**.

Thus done and signed this 28th day of November, 2016 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE